The decision below is signed as a decision of the court.

Signed: January 20, 2009.



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATALIE C. BOLLING, | ) | Case No. 08-00746 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE TRUSTEE'S
MOTION SEEKING DISGORGEMENT OF FEES

The trustee's unopposed motion seeking to require the debtor's attorney to disgorge fees for filing a petition when the debtor had not obtained prepetition credit counseling as generally required by 11 U.S.C. § 109(h) will be granted. Exhibit D to the debtor's petition recited that prepetition credit counseling had been obtained, but there is no evidence establishing that filing Exhibit D was conduct that complied with the requirements of F.R. Bankr. P. 9011. The trustee alleges that in filing the petition and its Exhibit D, the attorney did not act on the basis of "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" as required by Rule 9011(b) with respect to either the law or the facts relating to whether those filings were proper.

I

The record contains no evidence that prepetition credit counseling was obtained, and that suffices to place on the debtor's attorney the burden to produce evidence showing that he complied with Rule 9011, but he has remained silent.  As to Rule 9011(b)((3), the prong of Rule 9011(b) dealing with factual representations, the debtor's attorney has not set forth any evidence that supports the factual representations of Exhibit D.  I can only infer that the factual contentions of Exhibit D "have no evidentiary support" within the meaning of Rule 9011(b)(3).  Nor has the attorney set forth evidence demonstrating that, nevertheless, his belief that the factual contentions did have evidentiary support was formed after an inquiry reasonable under the circumstances.

II

With respect to Rule 9011(b)(2), the prong of Rule 9011 that addresses legal contentions, no reasonable inquiry could have led the attorney to conclude that if the factual representations in Exhibit D were untrue, the filing was "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law" within the meaning of Rule 9011(b)(2).  The attorney would not be able to defeat the trustee's motion by contending that it does not matter whether the factual representations in Exhibit D were inaccurate.  If an attorney

knows (or should know under the standards of Rule 9011(b)) that his client did *not* obtain credit counseling prepetition, an attorney has no business filing a petition on the debtor's behalf (except in those rare circumstances, not invoked here, in which the requirement is waived). Besides, an attorney has an obligation to comply with Rule 9011 with respect to factual contentions even if he has a reasonable belief that those factual contentions are unnecessary, as a matter of law, to justify his legal contentions.

                                III

Sanctions are thus appropriate. Rule 9011(c) requires that the sanctions "be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." If counsel were to retain any compensation for having filed the petition and related papers, that would provide an incentive for other attorneys to engage in the same or comparable conduct. Accordingly, I will require that the attorney not retain any of the fees received.

The trustee seeks either to have fees disgorged to the clerk of the court or disgorged to the debtor. I conclude that payment to the clerk is the appropriate sanction. Under Rule 9011(c), the court can enter "an order to pay a penalty into court." The court can also order a disgorgement to the debtor on the basis that the services were theoretically of no value to the debtor

because the petition was dismissed, 11 U.S.C. § 329(b), and because Rule 9011(c) would permit that as a sanction to deter repetition of the conduct in which the debtor's counsel engaged. But often the debtor *does* benefit from the filing of an invalid petition as it gains the debtor the benefit of the automatic stay of 11 U.S.C. § 362(a), and can stave off an impending foreclosure sale or other effort to collect a debt, and the debtor has not attempted to urge that he did *not* benefit from the filing of the petition (such that disgorgement to him is the preferred sanction).  Moreover, unless there were some benefit to the debtor's filing before he had credit counseling in hand, there was no apparent reason for his counsel to file the petition without waiting until credit counseling was in hand, and presumably the debtor *did* benefit from the filing.  It would not be appropriate to adopt as a Rule 9011(c) sanction disgorgement of fees to a party who benefitted from the improper filing. Accordingly, I will direct the debtor's counsel to pay to the clerk of the court an amount equal to the attorney's fees that he received in this case.

    An order follows.

                                                    [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of U.S. Trustee.