The document below is hereby signed.

Signed: February 06, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATALIE C. BOLLING, | ) | Case No. 08-00746 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE
MOTION TO RECONSIDER ORDER FOR DISGORGEMENT OF FEES

The debtor's attorney, Keith J. Smith, seeks reconsideration of the order requiring him to disgorge his fees to the clerk of the court.

I

The trustee and the court raised the issue of dismissing the case based on 11 U.S.C. § 109(h), and Smith opposed that motion. But Smith did not oppose the trustee's motion that sought to require Smith to disgorge fees for filing a petition when the debtor had not obtained prepetition credit counseling as generally required by 11 U.S.C. § 109(h).

II

In any event, the opposition to the motion to dismiss, even if it were treated as an opposition to the motion to disgorge,

made clear that Smith violated Rule 9011 in filing the petition. It recites that even though the debtor began her credit counseling at 12:10 p.m., she did not complete it until 1:36 p.m. In the meantime, Smith, who had spoken to the debtor at 12:10 p.m., filed the petition at 12:28 p.m. to stop a foreclosure set for 1:00 p.m.  Smith's justification for filing the petition is that the debtor told him "at 12:10 p.m. that she was completing the counseling class," and that he "believed requirements for eligibility were met by the time he filed the Petition for bankruptcy protection at 12:28 p.m."  Filing a bankruptcy case upon the assumption that credit counseling begun eighteen minutes ago would have been completed within that eighteen minutes does not satisfy the requirements of Rule 9011.

                                III

In the motion for reconsideration, Smith states that he relied upon the debtor's good faith assertion that her counseling was complete (presumably meaning an assertion made to Smith before he filed the petition, but that is not clearly stated). That is inconsistent with his representation, in the opposition to the motion to dismiss, that the debtor told him that she "was completing" the credit counseling (not that she had completed the credit counseling).  Moreover, it behooves counsel under Rule 9011 to probe any such assertion that the counseling was complete to assure that the debtor is not operating under a misconception

of what "completing" counseling means. Here the credit counseling was not completed, and a modicum of inquiry would likely have revealed that it was not completed. Smith has not explained how, in the midst of counseling begun at 12:10 p.m. and concluded at 1:36 p.m., the debtor could have told him before 12:28 p.m. that the credit counseling was completed.

In any event, Smith has raised this new contention without any justification for having failed timely to file an opposition to the motion to disgorge. Moreover, on the day after filing the petition, Smith filed the credit counseling certificate revealing that the counseling was completed at 1:36 p.m., more than an hour after the petition was filed. Yet, Smith continued to advocate that the petition was valid, in violation of Rule 9011, and prolonged this case.

IV

Section 109(h) is a harsh statute when it comes to a debtor who has overlooked seeking credit counseling until the last moment before a bankruptcy petition would have to be filed in order to stop a foreclosure sale. The statute is plain that, with exceptions of no relevance here, a petition cannot be filed without prepetition credit counseling. Reasonable inquiry here would have led to the conclusion that the debtor had not obtained credit counseling and was not yet eligible to file a bankruptcy petition. Counsel violated his Rule 9011 obligations by

proceeding nevertheless to file the petition.  The motion for reconsideration will be denied.  An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of U.S. Trustee.