The document below is hereby signed.

Signed: July 25, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATALIE C. BOLLING, | ) | Case No. 08-00746 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE MOTION FOR RECONSIDERATION OF ORDER
DATED JUNE 26, 2010, AND TO VACATE $500 JUDGMENT FOR CONTEMPT

The debtor's counsel, Keith J. Smith, has filed a motion (Dkt. No. 80) titled Motion for Reconsideration of Order Dated June 26, 2010, and to Vacate $500 Judgment for Contempt. Smith seeks reconsideration of the court's order signed on June 26, 2010, that upheld a judgment for $500 imposed against him as the amount of coercive civil contempt sanctions that would be treated as having accrued against him starting in May 2009 for failing timely to comply with an order requiring him to disgorge attorney's fees. Smith did not make the required disgorgement of fees until April 23, 2010. The motion will be denied.

I

On January 21, 2009, the court entered an order directing the debtor's attorney, Smith, to disgorge fees to the clerk of

this court in the amount of $1,500 as reported on his Rule 2016(b) statement plus the amount of any other fees he has received from the debtor in connection with this case after the filing of that statement (Dkt. No. 33).  The court denied Smith's multiple requests for reconsideration of that order, and on March 23, 2009, entered an order (signed on March 22, 2009) providing that if Smith failed, by April 8, 2009, to purge himself of civil contempt by complying with this court's disgorgement order, Smith would be subject to a coercive contempt fine of $10 per day until he did comply (Dkt. No. 46).  Although the court temporarily stayed the disgorgement order and the $10 per day coercive fine, the court issued an order (Dkt. No. 53) making clear that unless Smith filed and the court granted a stay pending appeal, the stay as to the disgorgement order and the accrual of the $10 per day fine would be lifted effective May 5, 2009.  Smith never filed a motion for stay pending appeal, and there being no indication that Smith complied with the court's disgorgement order, on January 4, 2010, the court entered an order directing Smith to demonstrate that he had purged himself of contempt (Dkt. No. 66).

On January 15, 2010, Smith filed a motion (Dkt. No. 68) to extend the deadline for complying with the court's January 4, 2010 order, and the court granted that extension (Dkt. No. 69).  On March 16, 2010, Smith filed a motion to modify the disgorgement order (Dkt. No. 70).  In that motion, Smith sought

2

to modify the terms of the disgorgement order to permit Smith to make three separate installment payments totaling $1,500, with the final payment due on June 29, 2010.  The court granted the motion to the extent it sought to establish new payment deadlines.  In the order (Dkt. No. 72) granting the motion, however, the court was very specific that Smith was not relieved of the coercive contempt sanctions that had already accrued.  Specifically, the court directed Smith to show cause as follows:

> In addition, Smith must show cause why judgment ought not be entered in favor of the U.S. (Payable to the Clerk of Court) for the coercive contempt fine of $10 per day that accrued for much of the time since April 8, 2009 per the order signed March 22, 2009. Without getting bogged down in discussing calculations and the necessity of coercive fines having teeth, it seems to me that a fine of $500 ought to be imposed as sufficient to uphold the daily fine's coercive effect and, that if it is not paid, the judgment should be sent to the Treasury to collect via tax refund offsets. It is doubtful that Mr. Smith has been unable for almost a year to make any payment towards making the required disgorgement.  It is thus
> ORDERED that by April 30, 2010, Mr. Smith shall file a writing showing cause why the court ought not enter a judgment against him of $500.00 for the fine of $10 per day imposed against him.

Smith having failed to file a response to the court's show cause order, the court entered a judgment against Smith on June 1, 2010, in the amount of $500.00 (Dkt. No. 74).  Then on June 3, 2010, Smith filed a response (Dkt. No. 75) which the court

3

treated as a motion to vacate the $500 judgment.[1]

Smith's response stated that on April 23, 2010, Smith paid the $1,500 to the clerk of court in accordance with the court's disgorgement order, and "that payment met all the terms of this Courts [sic] Order at that time and freed Smith of any possible sanctions for not abiding by this Courts [sic] Order."

In an order signed on June 26, 2010, and entered on June 28, 2010 (Dkt. No. 77), the court denied the motion to vacate implicitly made in the response (Dkt. No. 75).  The court noted that the $500 sanction, arose from the $10 per day coercive contempt fine that began accruing on May 6, 2009, and Smith's eventual compliance with the disgorgement order - more than a year after the court originally ordered disgorgement - did not relieve Smith of the sanctions that had already accrued.  Rather, it merely prevented the accrual of additional coercive contempt sanctions.  The court further noted that, despite Smith's mention of financial difficulties in his January 15, 2010 motion to extend the deadline (Dkt. No. 68), he never mentioned financial difficulties prior to January 15, 2010, and that "[i]nstead, over

---

[1] Although the certificate of service stated that the response was served on May 2, 2010, the response was not filed until June 3, 2010.  Also, Smith indicated that his filing was a response to a show cause order that the court issued on May 21, 2010, yet the only recently issued show cause order in this case was issued on March 23, 2010.  Given the content of Smith's response, the court assumed that Smith intended the response to relate to the March 23, 2010 show cause order.

4

eight months passed without any word from Smith about the status of the disgorgement order, leaving this court to assume that Smith remained in wilful disregard of the disgorgement order." Order signed June 26, 2010 (Dkt. No. 77) at 4 n.2. Accordingly, Smith's response (Dkt. No. 75) to the show cause order failed to articulate a basis for relieving Smith of the $500 coercive contempt sanction that accrued prior to his compliance with the disgorgement order and prior to his filing of motions to extend the deadline and to modify the disgorgement order.

Smith has now filed a motion (Dkt. No. 80) to reconsider the order signed on June 26, 2010 (Dkt. No. 77).

II

The court's order of June 26, 2010, fully explained why the $500.00 coercive contempt sanction was warranted. The Motion for Reconsideration of that order fails to raise any meritorious ground demonstrating that the $500.00 coercive contempt sanction was unwarranted. Smith states that "I had assumed, erroneously, that if the Court understood and accepted counsels [sic] explanation that the current economic recession made it extremely difficult to disgorge, it would follow logically, that no additional 'teeth' were needed in the form of a contempt fine to spur this attorney to obey this court's order." With coercive contempt sanctions accruing starting May 6, 2009, Smith ought to have disgorged fees long ago, and ought to have raised inability

5

to comply in a timely fashion.  In any event, even if he were now allowed belatedly to attempt to raise his financial difficulties as a defense against coercive sanctions, he only says that compliance would have been extremely difficult, not impossible, and he has not made out a valid defense.

An order follows denying Smith's Motion for Reconsideration of Order Dated June 26, 2010, and to Vacate $500 Judgment for Contempt.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.